

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, N.A., AS | § | |
| TRUSTEE FOR THE REGISTERED | § | |
| HOLDERS OF ACE SECURITIES CORP. | § | |
| HOME EQUITY LOAN TRUST, | § | |
| SERIES 2005-HE3, ASSET-BACKED | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-221-A |
| | § | |
| SFTF HOLDINGS, LLC, ET AL., | § | |
| | § | |
| Defendants | § | |

**MEMORANDUM OPINION**
and
**ORDER**

Came on for consideration the motion for summary judgment
filed in the above action by plaintiff, HSBC Bank USA, N.A., as
Trustee for the Registered Holders of Ace Securities Corp. Home
Equity Loan Trust, Series 2005-HE3, Asset-Backed Pass-Through
Certificates, and cross-motion for summary judgment filed by
defendants SFTF Holdings, LLC ("SFTF"), and DTRE, LLC ("DTRE")
(collectively "SFTF Defendants"). SFTF Defendants filed a
response to plaintiff's motion, and plaintiff filed a combined
response to SFTF Defendants' motion and reply to their response.
Defendants Michael Murphy and Sandra A. Murphy (collectively

"Murphys"), proceeding <u>pro se</u>,[1] filed nothing in response to plaintiff's motion. Having now considered all of the parties' filings, the entire summary judgment record, and applicable legal authorities, the court concludes that the motions should be denied.

I.

### Background of the Suit

Plaintiff initiated this action by the filing on April 6, 2011, of its original complaint concerning ownership of a certain piece of property located at 8029 Hidden Oaks Drive in the Hidden Meadows Addition in Fort Worth, Texas ("Property"). Plaintiff subsequently filed three amended complaints. The third amended complaint asserts causes of action to quiet title and for trespass to try title. Plaintiff seeks a declaration that: the deed by which DTRE purported to convey its interest in the Property to the Murphys is void; it is the owner of the Property; and defendants have no interest in the Property. Plaintiff also seeks a judgment for title to, and possession of, the Property.

---

[1]Although initially represented by counsel, the court on January 31, 2012, granted the motion to withdraw filed by the Murphys' counsel.

II.

The Summary Judgment Motion

A.   Plaintiff's Motion

Plaintiff seeks summary judgment on the grounds that its lien is superior to defendants' interests because (1) its interest in the Property is a first-lien mortgage interest, (2) SFTF's right, title, and interest were obtained as the result of a homeowner's association foreclosure, (3) DTRE and the Murphys' right, title, and interest were limited to that received by SFTF, and (4) plaintiff's interest in the Property is superior to defendants' interest, thus foreclosure of plaintiff's interest vested title in plaintiff.

Plaintiff also seeks summary judgment on the grounds that neither DTRE nor the Murphys are bona fide purchasers of the Property, but even if the Murphys were, any deed to the Property conveyed by DTRE is void.

Finally, plaintiff seeks summary judgment that SFTF Defendants' affirmative defenses of res judicata and the Rooker-Feldman[2] doctrine are inapplicable to this action.

---

[2]See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

3

B.    SFTF Defendants' Motion

The SFTF Defendants seek a summary adjudication that either res judicata or the Rooker-Feldman doctrine bars plaintiff's claims at issue in the instant action.

### III.

### Undisputed Facts

The following facts are undisputed in the summary judgment record:

On March 3, 2005, Joe Preston III and Tiffany Preston ("Prestons") purchased the Property. The Prestons "financed their purchase of the [Property] by taking out a first-lien purchase money mortgage with Finance America, LLC." App. in Supp. of Pl.'s First Am. Mot. for Final Summ. J. at 3 ("Pl.'s App."). The mortgage was secured by a deed of trust in favor of the lender, Finance America, LLC. The deed of trust identified Mortgage Electronic Registration Systems, Inc. ("MERS"), as a beneficiary under the deed of trust.

The Property was also subject to certain covenants, assessments, and other requirements set forth in a "Declaration of Covenants, Conditions and Restrictions for Hidden Meadows" ("Declaration"). The Declaration, inter alia, established a homeowners' association ("HOA") for Hidden Meadows property owners. Id. at 46-70.

The summary judgment record contains a document titled "Transfer of Lien," which provides:

> This TRANSFER OF LIEN is made and entered into as of this 27TH day of APRIL, 2005, from [MERS], as nominee for FINANCE AMERICA LLC, . . . to HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET BACKED PASS-THROUGH CERTIFICATES . . . .

Id. at 34. The transfer of lien was signed by an officer of MERS. It appears the transfer of lien was recorded in the property records of Tarrant County, Texas, on May 13, 2010. In the state court suit, discussed infra, and in the cross-motion for summary judgment, SFTF and the SFTF Defendants challenged the validity of the purported transfer and contend that no title passed to plaintiff as a result of the void or invalid transfer.

On May 8, 2009, the HOA recorded in the property records of Tarrant County, Texas, an "Updated Notice of Lien," id. at 41, as to the Property, due to failure of the Prestons to pay the assessments and related charges required by the Declaration. On June 2, 2009, the HOA foreclosed on its lien and sold the Property to SFTF. The assessment lien deed was recorded in the property records of Tarrant County, Texas, on June 5, 2009. On January 18, 2010, SFTF conveyed the property to DTRE via a special warranty deed with vendor's lien.

5

At or near this time, the Prestons defaulted on their mortgage payments. Plaintiff foreclosed on the mortgage and purchased the Property at a foreclosure sale on August 3, 2010. The foreclosure sale deed was recorded in the property records of Tarrant County, Texas, on August 9, 2010.

On April 29, 2011, DTRE, by special deed with vendor's lien, conveyed all of its "right, title and interest" in the Property to the Murphys. Id. at 81. The deed conveying the property expressly stated that it was

> made and accepted subject to any and all restrictions, encumbrances, easements, covenants and conditions, if any, relating to the hereinabove described property as the same are filed for record in the County Clerk's Office of Tarrant County, Texas.

Id.

On October 22, 2010, SFTF filed suit in the 352nd District Court of Tarrant County, Texas, against HSBC Bank USA, National Association ("HSBC Bank"), alleging that the purported assignment of the deed of trust was void due to a number of defects, primarily related to MERS's lack of authority to execute such an assignment. SFTF asserted causes of action for trespass to try title and to quiet title.

HSBC Bank's registered agent received service of process of the state court suit. The state court petition named HSBC Bank, rather than plaintiff, as a party, and did not identify HSBC

6

Bank's role as trustee of the trust that owned the property. HSBC Bank's legal department received a copy of the petition but did not forward it to the proper servicing agent because the owner-trust was not identified in the petition.

HSBC Bank did not answer or otherwise appear in response to the state court suit. Following the filing by SFTF of a motion for default judgment, the state district court on December 3, 2010, entered a final judgment finding that SFTF "is the owner of the [P]roperty," decreeing that SFTF "holds title thereto not subject to any lien or encumbrance, save for taxes and assessments," and that HSBC Bank "owns no interest whatsoever in and to" the Property. App. to Defs. SFTF & DTRE's Cross Mot. for Summ. J. at 7 ("SFTF Defs.' App.").

IV.

<u>Analysis</u>

In considering the arguments presented in the motions for summary judgment, the court finds it necessary to first address those pertaining to the SFTF Defendants' affirmative defenses.

A.   <u>Rooker-Feldman Doctrine</u>

The <u>Rooker-Feldman</u> doctrine provides that "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." <u>Weaver v. Tex. Capital Bank N.A.</u>, 660 F.3d

900, 904 (5th Cir. 2011) (internal citation omitted).  "The
doctrine is jurisdictional in nature: federal district courts
lack the requisite appellate authority to reverse or modify a
state-court judgment, because their jurisdiction under 28 U.S.C.
§ 1257 is strictly original."  In re Knezek, 370 F. App'x 449,
452, 2010 WL 1141621, at *2 (5th Cir. 2010) (unpublished)
(internal quotations omitted).[3]  Therefore, the court must first
decide this threshold issue.

The Supreme Court has only applied the Rooker-Feldman
doctrine twice, in the two cases that give the doctrine its name.
Skinner v. Switzer, ---U.S. ----, 131 S. Ct. 1289, 1297 (2011).
The Fifth Circuit has indicated that the doctrine is intended to
be applied narrowly.  In re Erlewine, 349 F.3d 205, 210 (5th Cir.
2003); Weaver, 660 F.3d at 904 (noting the "narrow scope" of the
doctrine and favoring the exercise of federal jurisdiction over
plaintiff's claims).  Of significance here, the Rooker-Feldman
doctrine "has no application to a federal suit brought by a
nonparty to the state suit."  In re Knezek, 370 F. App'x at 452
(citing Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)); see
also In re Erlewine, 349 F.3d at 210.

---

[3]The court recognizes that the In re Knezek opinion is not to be treated as precedent.  Nevertheless,
the court finds the explanations given, and holdings made, in the opinion instructive.

Although the parties vigorously debate whether <u>Rooker-Feldman</u> bars plaintiff's claims, there is no dispute that plaintiff was not a party to the state court action.  The SFTF Defendants simply ignore this fact in their discussion of the <u>Rooker-Feldman</u> doctrine in their brief.  Each of the cases cited and discussed in the SFTF Defendants' brief in support of their summary judgment motion involves identical parties in the state court and subsequent federal court litigation.  The SFTF Defendants have directed the court to no authority applying the <u>Rooker-Feldman</u> doctrine to bar a federal suit by a plaintiff who was not a party to a state court action.  Accordingly, the court concludes that <u>Rooker-Feldman</u> is inapplicable to this case and does not bar plaintiff's claims against the SFTF Defendants. SFTF Defendants' motion on that ground is denied.

B.   <u>Res Judicata</u>

Res judicata bars the litigation of claims that either have been litigated or could have been raised in an earlier suit. <u>Amstadt v. U.S. Brass Corp.</u>, 919 S.W.2d 644, 652 (Tex. 1996).[4] Res judicata requires a showing of "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action

---

[4]Determining the preclusive effect of a prior state court judgment, as here, requires application of Texas law.  <u>In re Gober</u>, 100 F.3d 1195, 1201 (5th Cir. 1996).

based on the same claims as were raised or could have been raised in the first action." Id.

Whether parties are in privity with each other may be established in three ways: (1) control of a prior action, even if not a party to the action; (2) if a non-party's interests were adequately represented by a party to the prior action; or, (3) if the party is a successor to the prior party's interests. Id. at 653.

While the parties appear to agree that plaintiff was not a party to the state court suit, they dispute whether plaintiff was in privity with HSBC Bank such that res judicata would now bar plaintiff's claims. Having carefully considered the arguments and authorities in the parties' briefs, the court concludes that a fact issue remains on the issue of privity.[5] Accordingly, the SFTF Defendants' motion for summary judgment, and plaintiff's motion on that issue, must be denied.

C.   The Remaining Grounds of Plaintiff's Motion

A ruling on the issue of res judicata favorable to the SFTF Defendants could be dispositive of the remaining issues raised in plaintiff's motion for summary judgment. Thus, the court is declining to rule on those issues at this time.

---

[5]Nothing herein is intended to imply that the court finds that the SFTF Defendants have satisfied the remaining elements required to establish the affirmative defense of res judicata.

IV.

<u>Order</u>

Therefore,

The court ORDERS that the motion for summary judgment filed by the SFTF Defendants, and the motion for summary judgment filed by plaintiff, HSBC, as to SFTF Defendants' affirmative defenses, be, and are hereby, denied.

SIGNED June 13, 2012.

_____
JOHN McBRYDE
United States District Judge

11