IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 2 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE3, ASSET-BACKED PASS-THROUGH CERTIFICATES,<br><br>  Plaintiff,<br><br>VS.<br><br>SFTF HOLDINGS, LLC, DTRE, LLC, MICHAEL MURPHY and SANDRA A. MURPHY,<br><br>  Defendants. | §§§§§§§§§§§§§§§§§ NO. 4:11-CV-221-A |

MEMORANDUM OPINION
and
ORDER

The plaintiff in this action is HSBC Bank USA, N.A., as Trustee for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2005-HE3, Asset-Backed Pass-Through Certificates, which is hereinafter referred to as "the Trustee." The defendants in this action are SFTF Holdings, LLC ("SFTF"), DTRE, LLC ("DTRE"), Michael Murphy, and Sandra A. Murphy. Sometimes Michael Murphy and Sandra A. Murphy are collectively referred to herein as "the Murphys."

Consistent with the discussions had and rulings made during the course of a pretrial conference/hearing conducted in the

above-captioned action on the date of the signing of this memorandum opinion and order, the court is granting the motion of the Trustee to reconsider this court's order signed June 13, 2012, denying the Trustee's first amended motion for final summary judgment; and, the court has concluded that such first amended motion for final summary judgment (hereinafter "motion for summary judgment") should be granted in its entirety. For the most part, the reasons why the court has reached that conclusion were stated on the record at such pretrial conference/hearing.

The impediment to the granting of the motion for summary judgment at an earlier date was a concern the court had that there could be a fact issue as to whether there was privity in a res judicata sense between the Trustee and the defendant in the action that SFTF brought against "HSBC Bank USA, National Association"[1] in the District Court of Tarrant County, Texas, 352nd Judicial District, on October 22, 2010 as Cause No. 352 248968 10 in that court ("state court action"). The defendants in this action have relied on the default judgment rendered against the Bank in the state court action as creating res judicata that prevents the Trustee from raising defensive issues

---

[1] Sometimes the defendant in the state court action is referred to as "the Bank."

that could have been raised in that action if the Trustee had been a defendant in that action.

The court has now concluded that the default judgment in the state court action did not have any adverse effect on the Trustee because privity of the kind that would be essential to causing res judicata to be applicable to the Trustee did not exist as to the state court action between the Trustee and the Bank. See Getty Oil Co. v. Ins. Co. of N. Am., 845 S.W.2d 794, 800-01 (Tex. 1992).[2] The court has not been presented with any authority, nor has the court located any, that would support the proposition that a trust is in privity with the entity acting as trustee in the sense that a default judgment taken against that entity in a non-trustee capacity binds the trust through the doctrine of res judicata. Even if the possibility of privity could exist under some circumstances, defendants have adduced no evidence to raise an issue of privity in this case. In other words, even if privity conceivably could exist under some circumstances, defendants have failed to carry their summary judgment burden of

---

[2]No plausible argument could be made that the Trustee exerted any control over the state court action or that the trust was represented by the Bank in the state court action or that the Trustee is a successor in interest to the Bank. In this connection, in Getty Oil Co. v. Insurance Co. of North America, the Texas Supreme Court said that privity, in a res judicata sense, may include the following categories of persons:
> Those in privity with a party may include persons who exert control over the action, persons whose interests are represented by the party, or successors in interest to the party.

845 S.W.2d 794, 800-01 (Tex. 1992).

3

adducing summary judgment evidence that would support a finding of privity in this case.

On the other hand, there is summary judgment evidence that would point to lack of privity. The declaration of Nicole Domster ("Domster") established that the Bank did not own the loan through which the Trustee claims ownership of the property, and that the Bank acted only in its capacity as trustee in reference to the property. First Am. Mot., App. at 73, ¶ 5. Domster's declaration also established that the failure of the Bank to timely file an answer in the state court action resulted from the inability of the Bank to identify from the papers served on it the trust that was actually involved as the lender referenced in the state court pleading. Id. at 73-75, ¶¶ 7-10.[3]

There might well be yet another reason why the res judicata contention of the defendants in this action cannot possibly provide any comfort to defendants in their attempt to defeat the

---

[3] Domster explained in her declaration the efforts she made to reach SFTF's attorney when the Bank was served with process in the state court action in order to determine who the proper defendant should have been in that action. Counsel for SFTF and DTRE in the instant action, Kenneth Harter, confirmed during today's pretrial conference/hearing that, in fact, Domster did try to reach him by telephone before the default judgment was signed by the state court judge, and that he made the conscious decision not to return her telephone call, explaining that he did not consider that he had any obligation to assist the defendant in the state court action in its defense.

Trustee's title and ownership to the property in question. The legal description of the property in question is as follows:

> LOT 9, BLOCK B, OF HIDDEN MEADOWS ADDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 9138-9139 OF THE PLAT RECORDS <u>OF TARRANT COUNTY, TEXAS</u>.

First Am. Mot., App. at 22, 34, 37 (emphasis added). In contrast, the property description used twice in the state court default judgment was as follows:

> Lot 9, Block B, of Hidden Meadows, an Addition to the City of Fort Worth, Tarrant County, Texas, According to the Plat thereof recorded in Cabinet A, Slide 9138-9139 of the Plat Records <u>of Denton County, Texas</u>

Cross-Mot. for Summ. J. of SFTF and DTRE, App. at 7-8 (emphasis added). While the "of Denton County" in the default judgment probably was the result of sloppy lawyering, the fact is that the legal description of the property affected by the state court judgment does not match up to the legal description of the property at issue in the instant litigation.[4]

Of course, in addition to the foregoing, the summary judgment record and the stipulations of the parties in the joint pretrial order establish without dispute that the Trustee

---

[4] The irregularity in the property description has not been discussed by either party in the summary judgment briefing, and the court has not conducted independent research on that subject. The court mentions the discrepancy simply to point out the possibility of another reason why res judicata has a questionable status in this case.

acquired ownership of the property through a foreclosure sale in August 2010, that the foreclosure sale Deed showed that the foreclosure occurred and that the Trustee acquired ownership as a result of the foreclosure, and that the deed by which the Trustee acquired the property was put of record in the Real Property Records of Tarrant County, Texas, on August 9, 2010. Joint Pretrial Order at 10, ¶¶ 19, 20, and 21. Whatever interest SFTF, DTRE, or the Murphys acquired, or tried to acquire, in the property was subject and inferior to the Trustee's ownership and interest.

At the time the Murphys thought they acquired ownership of the property, the public records of Tarrant County, Texas, clearly disclosed the Trustee's ownership of the property. The deed of trust by which the mortgage lien through which the Trustee acquired ownership of the property was created, the transfer of that lien from the original mortgage company to the Trustee, the declaration that stated that the mortgage lien took priority over a homeowner's assessment lien, and the foreclosure sale deed by which the Trustee acquired ownership of and title to the property all were of public record in the Real Property Records of Tarrant County, Texas, when plaintiff received their deed to the property. Id., ¶¶ 2-6, 13, 14, 15, 19-21. Consequently, the Murphys had constructive, if not actual, notice

of all of the transactions that predated their deed to the property when the deed was executed and delivered.

Under Texas law, "[a]n instrument that is properly recorded in the proper county is: (1) notice to all persons of the existence of the instrument; and (2) subject to inspection by the public." Tex. Prop. Code § 13.002. The following explanation given in Texas Jurisprudence is helpful:

> An instrument that is properly recorded in the proper county is notice to all persons of the existence of the instrument. To the person who is bound to search for it, the record of a valid instrument connected with the chain of title is equivalent to actual notice. The record imports notice of the contents of the instrument as registered, and of any fact stated therein that would put a reasonably prudent person on inquiry. Accordingly, a purchaser of land must search the records as the primary source of title information, and the purchaser is charged with knowledge of the existence and contents of the recorded instruments affecting the title. A person so charged with constructive notice of a prior sale or contract for the sale of land cannot be an innocent purchaser of the property.

63 Tex. Jur. 3d Real Estate Sales § 283, at 333-34 (2002) (footnotes omitted).

Not only did the Murphys have constructive notice of the Trustee's ownership of the property, as the Murphys confirmed at the pretrial conference/hearing they also had actual knowledge of the instant action and discussed that knowledge with the attorney for SFTF and DTRE before they consummated what they thought was

thought was their purchase of the property. While the Murphys might have been, and apparently were, "scammed," there is no legal basis for any argument by the Murphys that they acquired any ownership interest in the property through the special warranty deed they took from DTRE on April 29, 2011 (which is mentioned in paragraph 33 on page 11 of the joint pretrial order). Whoever took advantage of the Murphys already had tried to ensnare the Trustee in their questionable conduct.

For the reasons given at the pretrial conference/hearing and those stated above,

The court ORDERS that the Trustee's motion to reconsider order denying its first amended motion for final summary judgment be, and is hereby, granted.

The court further ORDERS that the Trustee's first amended motion for final summary judgment be, and is hereby, granted.

The court further ORDERS and DECLARES that SFTF, DTRE, and the Murphys have no right, title, or interest in the property in question, and that the Trustee has ownership of and title to such property, and is entitled to the possession of such property, as against SFTF, DTRE, and the Murphys.

SIGNED July 2, 2012.

_____
JOHN McBRYDE
United States District Judge